IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 122-090-03 |
| | * | |
| ELIZABETH SARAH HAGAN | * | |

**O R D E R**

On January 16, 2024, Defendant Elizabeth Sarah Hagan was sentenced to serve 120 months in prison on a charge of conspiracy to possess with intent to distribute, and to distribute, a quantity of a substance containing methamphetamine and heroin. The Judgment and Commitment Order (doc. 320) does not mention any state offenses or charges.

Recently, Defendant apprised the Court that on February 5, 2024, the state court sentenced her on "a RICO violation" to time served plus fifteen years of probation to run concurrent with the federal sentence imposed in this case. (See Doc. 352.) At present, Defendant moves the Court to instruct the Bureau of Prisons that her federal custody should be credited for time served in state custody from August 16, 2021, to April 16, 2024. Defendant believes this is appropriate given the state court pronouncement that her sentence on the RICO charge be served concurrently with the federal sentence imposed in this case.

This Court does not have the authority to modify a sentence once it has been imposed with three exceptions, none of which apply here. See 18 U.S.C. § 3582(c)(2). Importantly, when terms of imprisonment are imposed at different times, the sentences run consecutively unless the court orders a concurrent sentence. 18 U.S.C. § 3584(a). Thus, where the Judgment and Commitment Order is silent, as here, the sentence is deemed to run consecutive to subsequently imposed sentences. The state court's subsequent pronouncement does not modify or affect this Court's sentence.

Moreover, in a letter dated June 27, 2025, the United States Probation Office explained to Defendant that the time she spent in state custody was credited towards other state sentences (imposed on October 6, 2021, February 24, 2022, and June 17, 2022) as well as the time served portion of the February 2024 sentence. Thus, the Court has already addressed Defendant's concerns through the United States Probation Office.

Finally, to the extent that Defendant wishes to challenge the calculation of her sentence, she must file a petition under 28 U.S.C. § 2241 *after* she exhausts her administrative remedies with the Bureau of Prisons. See Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015) ("The [administrative] exhaustion requirement is still a requirement, it's just not a jurisdictional one."); Davis v. Warden, FCC Coleman-USP I, 661 F. App'x 561, 562 (11th Cir. 2016) (noting that to properly exhaust administrative remedies, a § 2241 petitioner must comply with the BOP's deadlines

2

and procedural rules). Moreover, a § 2241 petition must be brought in the district of confinement. <u>Fernandez v. United States</u>, 941 F.2d 1488, 1495 (11th Cir. 1991). Accordingly, once Defendant exhausts her administrative remedies with the BOP, she must bring her § 2241 challenge in the District of Connecticut, which has territorial jurisdiction over the facility in which she is presently incarcerated.

Upon the foregoing, Defendant's motion for credit for time served against her federal sentence (doc. 352) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 28th day of October, 2025.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA